IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01767-BNB

MATTFI ABRUSKA,

    Plaintiff,

v.

JOE D. DRIVER, Warden/Admin., Geo. Corr./Hudson Corr. Facility, 3001 N. Juniper Street, Hudson, Colorado 80642,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Mattfi Abruska, is a prisoner in the custody of the Alaska Department of Corrections (Alaska DOC) who currently is incarcerated at the correctional center in Hudson, Colorado. Mr. Abruska filed *pro se* an eight-page Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983 (ECF No. 1) with 219 pages of exhibits, no asserted claims, and no named defendants. He also asserted jurisdiction in the nature of mandamus pursuant to 28 U.S.C. § 1361.

    On September 27, 2012, Magistrate Judge Boland entered an order directing Mr. Abruska to file an amended complaint that named defendants, asserted their personal participation in the asserted claims, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and did not contain any claims raised in separate amendments, supplements, motions, or other documents that were not included in the amended complaint. On October 25, 2012, Mr. Abruska filed a ten-page amended Prisoner Complaint for money damages pursuant to §§ 1983 and 1361 with

103 pages of attachments. The Court must construe Mr. Abruska's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint and the action will be dismissed.

In the amended complaint, Mr. Abruska makes vague and conclusory assertions lacking supporting facts about "discretionary acts" by the Hudson Correctional Facility; The GEO Group, Inc.; and its employees. ECF No. 15 at 3; *see also id.* at 15. He contends that GEO and the Hudson Correctional Facility contracted with the Alaska DOC, apparently to house inmates such as himself. He asks this Court to compel the state attorney general to perform an unspecified duty he is owed as a "ward of the Federal Government." *Id.* at 4. He fails to explain the numerous attachments to the amended complaint.

The amended Prisoner Complaint Mr. Abruska filed does not comply with Fed. R. Civ. P. 8 or the September 27 order for an amended complaint. In the September 27 order, Magistrate Judge Boland specifically informed Mr. Abruska that Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Mr. Abuska's amended

complaint and attachments are prolix and vague.

Magistrate Judge Boland pointed out that neither the Court nor defendant is required to guess in order to determine Mr. Abruska's asserted claims or the specific factual allegations being asserted in support of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Magistrate Judge Boland advised Mr. Abruska that in order to comply with Rule 8 he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). In particular, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Magistrate Judge Boland warned Mr. Abruska that he should take care to ensure that his amended complaint provides a clear and concise statement of the claims he is asserting. Magistrate Judge Boland informed Plaintiff that the Court would not consider any claims raised in separate amendments, supplements, motions, or other documents not included in the amended complaint. Mr. Abruska failed to comply with these admonishments.

In the September 27 order, Magistrate Judge Boland pointed out that Mr. Abruska must name the defendants he intended to sue in the caption of the complaint and allege facts in the text of the complaint to show each individual defendant's personal participation in a deprivation of his constitutional rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). He further pointed out that a supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Magistrate Judge Boland noted that there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Mr. Abruska fails to explain the personal participation of the named defendant, who apparently is being sued in his supervisory capacity as warden of the Hudson Correctional Facility.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the September 27 order, and must be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Abruska files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for the failure of Plaintiff, Mattfi Abruska, to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with the order of September 27, 2012, directing him to file an amended complaint. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED October 30, 2012, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
United States District Judge